ILLINOIS EMERGENCY RELIEF COMMISSION, No. 26.

ARTHUR EDWARD SEEMAN, Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed September 15, 1937.*

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the above entitled matter, the following Opinion is rendered, based upon said statement. It appears that Arthur Edward Seeman was employed by the Illinois Emergency Relief Commission as a Financial Clerk in the Office of the Scott County Emergency Relief Committee at Winchester, Illinois; that in performing his service it was a part of his duty to interview work relief clients, prepare financial statements and to make reports of the progress of work relief throughout the County. It further appears that on the 13th day of July, 1936 while lowering a window in the Relief Office just prior to ending his day's work, a glass panel fell out of the frame, struck claimant's right forearm and wrist, and cut the extensor tendons of the five fingers of his right hand. He received

first-aid, was thereafter taken to the Hospital at Jacksonville, Illinois, was placed under an anaesthetic and his wounds were dressed. Thereafter he was under the care of Dr. William O'Reilly until September 9, 1936. He was also examined by Dr. R. M. Norris of Jacksonville, Illinois, on August 17, 1936, and by Dr. Thomas D. Masters, an Industrial Surgeon of Springfield, Illinois. The statement submitted by the several doctors shows a partial permanent disability of ten (10) per cent of the right arm. Medical, hospital and surgical bills of One Hundred Thirty-four and 98/100 ($134.98) Dollars incurred by claimant, do not appear to have been paid, but claimant's full salary was paid to him during the period of his temporary total disability, at the rate of Ninety ($90.00) Dollars per month.

The statement indicates that claimant was employed within the terms of the Workmen's Compensation Act; that the injury sustained arose out of and in the course of his employment, and that same is a compensable claim within the meaning of the Act. The required notices were given and application for payment was apparently made within a year as required by statute.

From the statement submitted, claimant is apparently entitled to an award for a ten (10) per cent permanent partial disability of his right arm.

*Section 8, Par. 13* of the *Workmen's Compensation Act* of Illinois provides:

"For the loss of an arm or the permanent and complete loss of its use, fifty per cent of the average weekly wage during two hundred twenty-five weeks."

Section 8, Par. 17 of said Act provides:

"For the permanent partial loss of use * * * fifty percentum of the average weekly wage during that portion of the number of weeks in the foregoing schedule provided for the loss of such member which the partial loss of use thereof bears to the total loss of use thereof."

Claimant's average weekly wage was Twenty and 76/100 ($20.76) Dollars. On such basis he would be entitled to ten (10) per cent total disability in the sum of Two Hundred Thirty-three and 55/100 ($233.55) Dollars. Added thereto, would be the sum of One Hundred Thirty-four and 98/100 ($134.98) Dollars for medical, hospital and surgical bills incurred by claimant in the legitimate care of his injury, making a total of Three Hundred Sixty-eight and 53/100 ($368.53) Dollars to which claimant would apparently be entitled. An

award would not apparently be justified for the sum of Four Hundred Seventy-two and 48/100 ($472.48) Dollars which the statement indicates claimant has offered to accept in full settlement for his injury. Inasmuch as claimant received his full wages during the time of his total temporary disability, the difference between the fifty (50) per cent thereof which he was entitled to receive, subject to the maximum provided by the Workmen's Compensation Act, and the amount which he did receive would be 'a proper deductible item from the amount of such settlement. As the facts are also incomplete as to his marriage status, we leave the computation of such deduction to be made by the Illinois Emergency Relief Commission.